*In re* ADAMS' GUARDIANSHIP.

*In re* CALHOUN.

(Division B.   Feb. 19, 1934.)

[152 So. 836.   No. 31059.]

**R. S. Majure,** of Newton, for appellant.

**Amis & Johnson,** of Newton, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The ward, a child of tender years, became entitled to the sum of two thousand five hundred dollars, the proceeds of a policy of insurance on the life of his deceased father. The mother applied for, and was granted, letters of guardianship on October 1, 1927, and thereafter on October 24, 1927, the said sum was paid over to her as guardian. On that day she deposited the entire amount in the Bank of Decatur on time deposit, payable with four per cent. interest per annum. On December 14, 1927, she filed in court her inventory reporting the collection of the sum mentioned, and that same was the entire estate of the ward. She further reported on the same day that she had placed the money on time deposit in the Bank of Decatur and prayed an order authorizing her to continue said time deposit as a loan to said bank, and on the same day an order was made by the chancellor to that effect. At the June, 1929, term of the court, she filed her first annual account showing that she had collected the interest from the bank.

About May 15, 1930, the bank closed its doors, went into liquidation, and it is agreed that its assets will not be sufficient to pay a cent to depositors, and that the money due the ward which the guardian had all the while allowed to remain in the bank will be a total loss, so far as the bank is concerned. The guardian admits that she heard about three or four weeks before the bank closed that it was in a failing condition and would likely close, and, although the time certificate of deposit held by her was past due, she admits also that she did nothing about it except to consult with her father, who thereupon interviewed the bank cashier, who assured him that the

bank was sound; whereupon nothing further was done by the guardian or by any person for her until a day or two before the final collapse of the bank, when it was too late.

The chancellor held the guardian liable for the loss of the ward's money on two grounds, one of which is that "she negligently failed to collect the money after learning that the bank was likely to fail." The general duty and liability of a guardian was defined more than half a century ago by this court in Coffin v. Bramlitt, 42 Miss. 194, 208, 97 Am. Dec. 449, in terms which subsequent experience has not improved upon. Said the court in that case: "It is a general rule, applicable to all persons standing in the relation of trustee, whether they be receivers, guardians, executors, or administrators, or trustees of any description, that so long as they keep themselves strictly within the line of duty, and exercise reasonable care and diligence, they cannot be made responsible for any loss or depreciation in the fund entrusted to them; but if they do not strictly pursue that line, and a loss ensue, they are liable to make that loss good, although such loss may have been wholly unexpected." Here the loss was not wholly unexpected; the guardian had been warned of the danger. There was no fair diligence in doing nothing beyond going to the cashier and receiving his assurance. That assurance was no more than was to have been anticipated; for his keeping his doors open was an overt assurance every hour that in his opinion the bank was solvent. What the guardian did was the equivalent of having done nothing at all. Moreover, she should have taken note of the fact that theretofore on March 11, 1930, by chapter 22, Laws 1930, the bank depositors' guaranty law had been suspended, that the money was protected by security up to that time, but, the security aforesaid being gone, she should thereafter have been alertly and

effectively responsive to the warnings she had received about this bank's condition.

The chancellor charged the guardian with eight per cent. interest under section 1885, Code 1930, from the time of the original deposit in the bank on October 24, 1927, on the ground that she had made the time deposit before obtaining an order from the chancellor so to do, the court holding that it is not competent to ratify a loan or investment previously made without an order of the chancellor; that is to say, the chancellor held that the original investment or deposit was without authority, and that the subsequent order of the court was no protection to the guardian. Whether as a general proposition the chancellor is correct that a loan or investment made without a previous order of the chancellor cannot be ratified by a subsequent order, we do not pause to definitely consider; for, we think, in any event, such a rule would not apply to the deposit in a reputable bank pending a reasonable time to find a suitable investment and to apply to the chancellor for an order. In this day, prudence requires the deposit of money in a bank. A guardian would not be regarded as having acted reasonably in attempting to keep a large sum on his person or deposited in a trunk or otherwise hidden at his residence. The guardian applied with reasonable promptness to the chancellor for an order, and her placing the money on deposit in the meantime, especially in a state bank where at the time the deposit was protected by the state bank depositors' guaranty fund, was within the law, 28 C. J. 1145; and it was not necessary for her to obtain a previous order covering such a deposit temporarily until she could within a reasonable time procure an order for permanent disposition. When within the reasonable time stated she applied to the chancellor for an order what to do with the money, she had handled it up to that time as she should have done; and his order thereafter pro-

tected her so long as the reputation of the bank remained good, and the deposit was secured by the state bank depositors' guaranty fund that being the situation when the chancellor originally made his order. But, when these conditions changed, the guardian should have acted promptly in accordance with the changed situation, but this she failed to do. She should be made liable as guardian for the principal plus any interest received from the bank, plus six per cent. per annum interest on the principal from May 1, 1930, less any legal expenditures made by her for the ward. The matter will be remanded, with directions that a decree be entered in accordance with this opinion.

Affirmed in part, reversed in part, and remanded, with directions.